## JASPER COUNTY FARMS COMPANY *v.* ALLEN.

[No. 12,358. Filed March 16, 1926.]

From Newton Circuit Court; *George A. Williams*, Judge.

Action by William L. Allen against the Jasper County Farms Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the second division.

*Hanley & Hanley*, for appellant.

*John A. Dunlap*, for appellee.

DAUSMAN, J.—William L. Allen (the appellee here) instituted this action against Jasper County Farms Company (the appellant here). The complaint is in two paragraphs.

The first paragraph seeks to recover for work and labor done and performed by the plaintiff for the defendant pursuant to the terms of a lease executed by and between the plaintiff and the defendant. The land was used exclusively for the growing of onions. The lease contains the provision that the landlord shall provide the crates necessary for handling the crop and that if the landlord shall fail to furnish a sufficient supply of crates for that purpose, he shall pay the tenant five cents per bushel for the onions that the tenant is compelled to handle without crates. It is averred in the complaint that the landlord failed to furnish the necessary number of crates and that the tenant was compelled to handle, and did handle, 5,574 bushels of onions without crates. Wherefore, he demanded judgment on this paragraph in the sum of $300 and interest.

The second paragraph is for work and labor done by the plaintiff for the defendant, at the special instance and request of the defendant, of the reasonable value of twenty-five dollars. This item of alleged indebtedness has nothing whatever to do with the lease.

To the complaint, the defendant filed answer in three paragraphs: (1) General denial; (2) payment; (3) settlement. The jury returned a verdict for the plaintiff in the sum of $340.14. The motion for a new trial was overruled. Judgment rendered on the verdict. The error assigned is the overruling the motion for a new trial. The specific contention is that the verdict is not sustained by sufficient evidence.

We have patiently and carefully considered all the evidence and have reached the conclusion that appellant's contention cannot be sustained. On the contrary, it clearly appears from the terms of the lease and the uncontroverted testimony adduced at the trial that the verdict is sustained by an abundance of evidence.

Judgment affirmed.